UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUN YOUNG LIM,

                              Plaintiff,

              – *against* –

RADISH MEDIA, INC. and SEUNG
YOON LEE,

                              Defendants.

**OPINION & ORDER**

21 Civ. 4379 (ER)

RAMOS, D.J.:

Jun Young Lim filed this action on May 14, 2021 against Radish Media, Inc. and Seung-Yoon Lee.  Doc 1.  Lim alleges that he did not receive the contractual equity interest that he acquired while employed by Radish Media.  *Id.*  He brings claims for breach of contract and unjust enrichment and seeks a declaratory judgment that his equity interest is due.  *Id.*  Defendants filed a motion to dismiss for failure to state a claim on November 5, 2021.  Doc. 20, 21.

For the reasons set forth below, the motion to dismiss is GRANTED.

## I.    BACKGROUND

The following facts are based on the allegations in the complaint, which the Court accepts as true for purposes of the instant motion.  *See, e.g.*, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).[1]

Lim is a California resident.  ¶ 1.  Radish Media is incorporated in Delaware with its principal place of business in New York.  ¶ 2.  Seung-Yoon Lee is a resident of South Korea.  ¶ 3.

---

[1] Unless otherwise noted, citations to "¶ __" refer to the complaint, Doc. 1.

Radish Media, formerly known as Byline Media, launched in February 2016 as a publishing and digital media company which provides a mobile platform for the publication of serialized fiction.  ¶ 6.  Lee is the co-founder and chief executive officer ("CEO") of Radish Media and, at all relevant times, was a major shareholder in the company.  ¶ 7.

Lim and Lee have been close personal friends for eight years and began working together at Byline Media in late 2014.  ¶¶ 8–9.  In March 2015, Lim became Head of Product at Byline Media and carried that position with him through the company's transition into Radish Media.  ¶ 10.  According to Lim, Radish Media agreed to pay him a salary of $54,000 a year and initially granted him a 1.2% interest in the company, which they later increased to 1.5%.  ¶¶ 11, 13. Once vested, Lim's equity interest was not subject to divestment or forfeiture.  ¶ 13.  One quarter of the equity granted to Lim vested after one-year of employment with the company.  ¶ 14.  After the first year, Lim's interest was to vest at 1/48 per month until the entire grant vested.  *Id*.

On June 20, 2016, after sixteen months of service, Lim voluntarily left his employment at Radish Media.  ¶ 15.  On June 22, 2016, Lee emailed Lim stating that he had calculated that Lim was entitled to 536.6 shares of Radish Media stock and that his vesting period ran from the time his employment started until June 20, 2016.  ¶ 16.  In a later email to Lim on March 6, 2018, Lee calculated that 167.687 of the shares had vested based on a start date of January 3, 2015.  ¶ 17. The calculation was as follows:  536.6 shares multiplied by 15/48 months = 167.687 shares.  *Id*. However, Lim alleges that he actually worked at Radish Media for 16 months, as reflected in Lee's calculation resulting in a vested ownership of 0.5%.  ¶¶ 17–18.[2]

---

[2] The complaint creates substantial confusion as to when Radish Media launched and when the purported contract with Radish Media was entered into.  For example, Lim asserts Radish Media launched in February 2016 and that he left his employment at Radish Media in June 2016; however, he claims he worked for 16 months, which would be impossible given that timeframe.  The resulting confusion does not affect the following analysis.

The complaint does not state the date of the purported agreement between Lim and Radish Media, or whether the agreement was oral or in writing.  The only details alleged are the salary and grants of equity to be provided to Lim.  Since leaving Radish Media, Lim has demanded payment of his equity interest several times, and Radish Media has refused to grant him his equity in the company, even that to which the company allegedly agrees he is entitled to.  ¶ 20.

Based on information published last year in Forbes magazine and a statement from Lee, Lim alleges that Radish Media generates revenue of $100,000 per day and more than $3 million per month.  ¶¶ 22–23.  Lim alleges that Radish Media was due to be acquired by Kakao Entertainment for $440 million in June 2021.  ¶ 25.

Lim filed the instant action on May 14, 2021, approximately five years after he left Radish Media.  Lim seeks a declaratory judgment against Radish Media that he is entitled to the equity interest he earned during his employment.  ¶¶ 27–35.  Lim also brings a claim for breach of contract against Radish Media, ¶¶ 36–43, as well as a claim of unjust enrichment, ¶¶ 44–51, against both defendants.

In the motion to dismiss, defendants argue that the complaint is barred by the statute of limitations and, in the alternative, fails to plead a plausible cause of action.  Doc. 21.

## II.   Legal Standard

### a.   Rule 12(b)(6)

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Koch v. Christie's Int'l PLC*, 699

3

F.3d 141, 145 (2d Cir. 2012).  The Court is not required, however, to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Twombly*, 550 U.S. at 570.

## III.   Discussion

### a.  The Statute of Limitations Bars Lim's Claims

The defendants first argue that Lim's claims are barred by the statute of limitations.

While courts cannot ordinarily decide a statute of limitations defense on a motion to dismiss, "courts in this district have made an exception where (1) the complaint facially shows noncompliance with the limitations period, and (2) the affirmative defense clearly appears on the face of the pleadings."  *Essex Capital Corporation v. Garipalli*, No. 17 Civ. 6347, 2018 WL 6618388, at *2 (S.D.N.Y. Dec. 18, 2018) (citation omitted); *see also McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (statute of limitations bar warrants 12(b)(6) dismissal "if the defense appears on the face of the complaint").  "Where a plaintiff's 'claims are time-barred on the face of its own complaint, [plaintiff] has the burden of pleading facts sufficient to establish

that the statutes of limitations should be tolled.'" *Essex Capital Corporation*, 2018 WL 6618388, at *2 (quotation omitted).

A motion to dismiss for failure to comply with the statute of limitations is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *Adams v. Crystal City Marriot Hotel*, No. 02 Civ. 10258, 2004 WL 744489, at *2 (S.D.N.Y. Apr. 6, 2004) (citing *Ghartey v. St. John's Queens Hospital*, 869 F.2d 160, 162 (2d Cir. 1989)). "The pleading requirements in the Federal Rules of Civil Procedure do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199 (2007)). Because the defendant bears the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it appears on the face of the complaint that the statute of limitations has run. *Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406, 425–26 (2d Cir. 2008). "Where there is even 'some doubt' as to whether dismissal is warranted, a court should not grant a Rule 12(b)(6) motion on statute of limitations grounds." *PK Music Performance, Inc. v. Timberlake*, No. 16 Civ. 1215 (VSB), 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) (citation omitted).

In New York, the statute of limitations is considered procedural. *Stafford v. International Harvester Co.*, 668 F.2d 142, 147 (2d Cir. 1981). However, New York's borrowing statute requires the application of another state's shorter statute of limitations where a non-resident plaintiff sues upon a cause of action that arose outside of New York. N.Y. C.P.L.R. § 202. Lim does not reside in New York and is suing upon a cause of action which accrued outside of New York.

California's statute of limitations for a breach of contract claim is two years for oral contracts and four years for written contracts, whereas New York's statutory period of limitations for a breach of contract, either written or oral, is six years. *Compare* Cal. Civ. Proc. Code §§ 339(1) (oral contracts); 337(a) (written contracts) *with* N.Y. C.P.L.R. § 213 (2022). In California, the statute of limitations for a declaratory judgment claim is subject to the same statute of limitations as the legal or equitable claim on which it was based; therefore, the statute of limitations of two years for an oral contract and four years for a written contract for a breach of contract claim would also be applicable to Lim's declaratory judgment claim. *Bank of New York Mellon v. Citibank, N.A.*, 214 Cal.Rptr.3d 504, 510 (Cal. Ct. App. 2017). However, New York's statute of limitations for declaratory judgment claims is six years. N.Y. C.P.L.R. § 213. In California, the statute of limitations for an unjust enrichment claim alleging fraud or mistake in the pleadings is three years, whereas the statute of limitations for an unjust enrichment claim that does not allege fraud or mistake is two years. *See* Cal. Civ. Proc. Code §§ 338(d), 339(3). On the other hand, in New York, the statute of limitations for an unjust enrichment claim is six years. *See* N.Y. C.P.L.R. § 213.

Indisputably, California's statute of limitations is shorter for all claims alleged by Lim, and both parties agree that the California statute of limitations applies to Lim's claims; therefore, the Court will apply California's statute of limitations.

Defendants argue that Lim's injury accrued either at the time of Radish Media's incorporation in 2015 or upon his departure from Radish Media on June 20, 2016. Doc. 21. On the other hand, Lim claims the statute of limitations began to run in June 2021, when Radish Media was sold to Kakao, because that is when it became impossible for the defendants to fulfill

their equity transfer obligations to Lim.[3]  Doc. 22.  However, because the complaint does not allege that defendants were required to transfer plaintiff's ownership interest by a specific date, Lim argues that when the statute of limitations began to run on his claims is a question of fact for a jury and cannot be decided on a motion to dismiss.  Doc. 22.

Under New York law, where the claim is based upon money due and owing under a contract, the statute of limitations begins to run when payment is due.  N.Y. C.P.L.R. § 213; *Liberty Mutual Insurance Company v. Precision Valve Corporation*, 402 F. Supp. 2d 481, 485 (S.D.N.Y. 2005).  The money is due when the plaintiff has the legal right to demand payment. *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 397 (S.D.N.Y. 2016) (holding the statute of limitations for a breach of contract action began to run at the time the plaintiff could legally demand payment).

Accordingly, the Court finds it is clear on the face of the complaint that Lim's claims accrued at the time of his departure from Radish Media on June 20, 2016 because that is when he could have made a demand for his equity stake in the company.  This action was brought in May of 2021; therefore, using even the longest of California's statutes of limitations (four years for written contracts), all of Lim's claims are barred.[4]  Therefore, because it is clear on the face of the complaint that the statute of limitations has run, defendants' motion to dismiss based on the statute of limitations is granted.

---

[3] The Court notes that the date Lim argues his cause of action accrued, June 2021, had not even occurred when the complaint was filed.

[4] Notably, Lim has pled no facts sufficient to establish that the statute of limitations should be tolled.  *See Essex Capital Corporation*, 2018 WL 6618388 at *2 (holding where plaintiff did not meet its burden to plead facts sufficient to establish that the statute of limitations should be tolled, the claims were time barred and must be dismissed).

While the complaint can be dismissed in its entirety on this basis alone, the Court briefly describes why all claims would fail in any event.

### b. Lim Has Not Adequately Alleged an Agreement Between Radish Media and Lim

Even if the statute of limitations did not bar the breach of contract claim, Lim has not proffered sufficient facts to establish this existence of an enforceable contract.

To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the [party bringing the claim], (3) breach of contract by the [other party], and (4) damages." *Eternity Global Master Fund Limited v. Morgan Guaranty Trust Company of New York*, 375 F.3d 168, 177 (2d Cir. 2004) (quotation omitted).  A breach of contract claim "that fails to allege facts sufficient to show that an enforceable contract existed between the parties is subject to dismissal."  *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009) (quotation omitted).  To show that an enforceable contract existed, a plaintiff "must plead facts surrounding the formation of the contract such as the date the parties entered into the contract, the major terms of the contract, the parties to the contract and that the parties to be bound assented to the contract."  *Id.* (quotation omitted).  A complaint in a breach of contract action must set forth the terms of the agreement upon which liability is predicated; however, the plaintiff is not required to attach a copy of the contract or to plead its terms verbatim.  *Mayes v. Local 106, International Union of Operating Engineers*, 739 F. Supp. 744, 748 (N.D.N.Y. 1990) (citation omitted).

Here, Lim details the terms of the contract only in reference to the emails Lee sent him *after* he left his employment at Radish Media in June 2016.  Moreover, the two emails only discuss the number of shares to which he was purportedly entitled that had vested.  ¶¶ 16–17.

8

The emails did not otherwise detail any other provision of his employment contract.  Although Lim includes some facts as to the terms of the contract, he does not include facts such as the date it was created nor Radish Media's assent to the agreement sufficient to prove the existence of an enforceable contract.  Therefore, his breach of contract claim would be dismissed.

### c.   Lim's Breach of Contract Claim Is Barred by the Statute of Frauds

Even if Lim's breach of contract claim was not barred by the statute of limitations, it would be barred by the statute of frauds.  Radish Media argues the terms of the agreement described by Lim could not be performed within one year, and the complaint does not allege any written memorandum containing all the material terms of the contract.

First, where jurisdiction is predicated on diversity of citizenship, a federal court must apply the choice-of-law rules of the forum state.  *Medtronic, Inc. v. Walland*, No. 21 Civ. 2908, 2021 WL 4131657, at *4 (S.D.N.Y. Sept. 10, 2021).  However, the Court must engage in a choice-of-law analysis only where there is an actual conflict between the two jurisdictions.  *Id.* Here, because California and New York's statutes of frauds are in agreement with each other in that an agreement that cannot be performed within a year from the making thereof is invalid if not in writing, it is unnecessary to engage in a choice-of-law analysis.  *Compare* Cal. Civ. Code § 1624(1) *and* N.Y. Gen. Oblig. Law § 5-701(a)(1).

When determining whether the statute of frauds applies, the question is "not what the probable, or expected, or actual performance of the contract was; but whether the contract, according to the reasonable interpretation of its terms, required that it *should not* be performed within the year."  *D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 472 N.E.2d 992, 993 (N.Y. 1984) (quotation omitted)*.*  If there is any possibility, no matter how improbable or impractical,

that the contract could be performed within one year, the statute of frauds does not apply. *Id.* at 994; *Foster v. Kovner*, 840 N.Y.S.2d 328, 331 (N.Y. App. Div. 2007).

Under the agreement, Lim was to receive a salary of $54,000 and a 1.5% equity interest in the company. ¶¶11, 13.  One quarter of the equity interest granted to Lim would vest after one-year of employment and the remainder was to vest at 1/48 per month until the entire grant was vested.  Once vested, the equity interest was not subject to divestment or forfeiture. ¶ 13. However, Lim does not allege whether the agreement was in writing or oral.

By the terms of the alleged agreement, a quarter of Lim's equity was to vest *after* one-year of employment and the remainder was to vest at 1/48 per month *after* the first year. ¶ 14. By its terms, therefore, the contract could not be performed within one year.  Accordingly, in the absence of a writing, the alleged agreement is barred by the statute of frauds.[5]  *See Seely v. Tuzman*, 2006 WL 6569339 (N.Y. Sup. Ct. Oct. 18, 2006).  In *Seely*, where the parties entered into an oral contract, giving plaintiff an equity interest in which a portion vested immediately and the remainder vested in equal portions over six years, the court held the agreement could not, by its terms, be completed within a year since the interest would vest over a six-year period.

### d. Declaratory Judgment

Even if Lim's declaratory judgment claim was not barred by the statute of limitations, the Court would exercise its discretion to dismiss it as duplicative of the breach of contract claim.

---

[5] In response to defendants' motion, Lim has supplied additional facts regarding the agreement between the parties. Lim claims the agreement was an employment contract and Lim was an employee at-will, suggesting that it is not controlled by the statute of frauds.  Doc. 22.  However, the Court cannot consider allegations raised for the first time in a brief opposing the motion to dismiss because "it is axiomatic that a complaint may not be amended by the brief in opposition to a motion to dismiss."  *Kiryas Joel Alliance v. Village of Kiryas Joel*, 2011 WL 5995075, at *5, *10 n.9 (S.D.N.Y. Nov. 29, 2011) (quoting *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).  Therefore, Lim's arguments regarding the at-will nature of the agreement cannot be considered.

The Declaratory Judgment Act permits a district court to exercise jurisdiction over a proposed declaratory judgment action when an actual controversy exists.  28 U.S.C. § 2201(a).

In *WM Bang LLC v. Travelers Casualty Insurance Company of America*, another court in this District dismissed a breach of contract claim and also dismissed a declaratory judgment claim that it found to be duplicative, seeking declaration of the same rights as determine under the breach of contract claim.  559 F. Supp. 3d 225, 234 n.2 (S.D.N.Y. 2021).  Similarly, in *Lorterdan Properties at Ramapo I, LLC v. Watchtower Bible and Tract Society of New York, Inc.*, the court dismissed the declaratory judgment claim in light of the dismissal of the breach of contract claim because the claim sought a declaration of the same rights to be determined under the breach of contract claim.  No. 11 Civ. 3656 (CS), 2012 WL 2873648, at *9 (S.D.N.Y. July 10, 2012).

In the instant case, Lim requests that the Court determine the equity interest Lim should be granted, a claim which mirrors the breach of contract claim.[6]

Specifically, the declaratory judgment claim is duplicative of the breach of contract claim because both arise from the same facts and allege the same damages.  *Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 511–12 (2d Cir. 1994) (finding the claims as duplicative where plaintiff's theories of recovery were based on a single set of facts and the damages were based on that single set of facts).  The declaratory judgment claim demands damages in connection with the parties' rights and obligations under the agreement relating to the equity interest due to Lim, whereas the breach of contract claim demands damages arising out of the breach of the

---

[6] In response to defendants' motion, Lim has supplied additional facts indicating that his equity interest was impacted in some fashion by Radish Media's sale to Kakao and requests a declaratory judgment of the parties' rights with respect to each other to determine exactly what impact the sale to Kakao had.  However, such a request is a modification of the declaratory relief sought in the complaint, and the Court may not consider first raised in response to a motion to dismiss.  *Kiryas Joel Alliance*, 2011 WL 5995075, at *10 n.9.  Therefore, Lim's additional allegations regarding the impact of Radish Media's sale to Kakao on his equity interest cannot be considered.

agreement by Lee's refusal to grant Lim the equity interest he is entitled to.  Accordingly, the declaratory judgment action would be dismissed as duplicative.

### e.  Unjust Enrichment

Finally, even if Lim's unjust enrichment claim against both defendants was not barred by the statute of limitations, the court would dismiss the unjust enrichment claim against Radish Media as duplicative of his breach of contract claim.

The basis of a claim for unjust enrichment is that the defendant has obtained benefits which in "equity and good conscience" should be paid to the plaintiff.  *Corsello v. Verizon New York, Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012).  However, an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim and is not a catchall cause of action to be used when others fail.  *Id.*  Where there is a dispute concerning the existence of a contract, a plaintiff is not required to elect his remedies and may proceed on the unjust enrichment claim as well as the breach of contract claim.  *Almeciga v. Center for Investigative Reporting, Inc.*, 185 F. Supp. 3d 401, 412 (S.D.N.Y. 2016).  An exception can be made where a party is circumventing the statute of frauds by repleading an already barred breach of contract claim as a claim for unjust enrichment.  *Id.* (quotation omitted).

Here Lim's breach of contract claim against Radish Media is barred by the statute of frauds for the reasons outlined above.  Lim has not cited a case in which a court sustained an unjust enrichment claim where a breach of contract claim has been dismissed under the statute of frauds.  Therefore, Lim's unjust enrichment claim cannot be used as an alternative method of litigating the breach of contract claim, so Lim's unjust enrichment claim against Radish Media would also be dismissed.[7]

---

[7] The unjust enrichment claim is also alleged against Lee.  Lim argues that the analysis concerning dismissal on the basis that it is duplicative should not apply to Lee because Lee is not a party to the alleged contract and not named in

### f.   Leave to Amend

Lim has requested leave to file a First Amended Complaint to address any deficiencies found by the Court.  Defendants, in turn, argue that Lim's request for leave to amend the complaint should be denied as futile because Lim had multiple opportunities to amend as of right.

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Second Circuit has instructed courts not to dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Shabazz v. Bezio*, 511 F. App'x 28, *31 (2d Cir. 2013) (quotation omitted).  An amendment is futile and should not be granted if it "fails to cure prior deficiencies."  *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (citation omitted).

Here, the motion to dismiss has been granted on the basis of the statute of limitations of all of the claims asserted.  Therefore, no set of facts that may be alleged in an amended complaint can cure the complaint's deficiencies.

---

the breach of contract claim.  Though this presents a closer case, there is force to defendant's argument that the case law counseling preclusion of an unjust enrichment claim in cases involving contracts barred by the statute of frauds should apply to individuals as well.  In any event, as the entire matter is dismissed, the Court need not reach this discrete issue.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 20, and close the

case.

It is SO ORDERED.


Dated:     June 24, 2022
           New York, New York
                                                        _____
                                                              Edgardo Ramos, U.S.D.J.